IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSHUA MAZIQUE BURTON, #07366511, PETITIONER, | § § § § | |
| V. | § § | CIVIL CASE NO. 3:25-CV-1317-K-BK (CRIMINAL NO. 3:24-CR-159-K-1) |
| GLENN A BRENNER, RESPONDENT. | § § § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner Joshua Mazique Burton's *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241 was referred to the United States magistrate judge for case management, including the entry of findings and a recommended disposition when appropriate. As detailed here, the petition should be summarily **DISMISSED WITHOUT PREJUDICE**.

Burton, a federal pretrial detainee in the Limestone County Detention Center, challenges the waiver of his preliminary hearing. Doc. 3 at 1. Burton is awaiting trial on a federal grand jury indictment charging him with conspiracy to possess with intent to distribute a controlled substance (Count 1) and possession with intent to distribute a controlled substance (Counts 2-3). *United States v. Burton*, No. 3:24-CR-159-K (N.D. Tex.).

On March 28, 2025, Burton filed a pretrial habeas corpus petition seeking relief under 28 U.S.C. § 2241. *Burton v. Brenner*, No. 3:25-CV-762-K-BK. The Court dismissed the petition because jurisdiction over Burton's custodian was lacking as he was not incarcerated within the Northern District of Texas. *See Burton v. Brenner*, No. 3:25-CV-762-K-BK, 2025 WL 1335673,

at *1-2 (N.D. Tex. Apr. 17, 2025), *rec. adopted*, 2025 WL 1333656 (N.D. Tex. May 7, 2025). The Court alternatively dismissed the petition for failure to exhaust the remedies available in Burton's pending criminal case. *Id.* Burton's appeal of the dismissal is pending before the United States Court of Appeals for the Fifth Circuit. *See Burton v. Brenner*, No. 25-10644.

On May 22, 2025, Burton filed the instant habeas corpus petition, realleging the claim previously raised and seeking reconsideration of the rulings in case number 3:25-CV-762-K-BK. Doc. 3 at 1-2. Along with his petition, Burton moves for leave to proceed *in forma pauperis*. Doc. 4.

This habeas corpus action is clearly duplicative of that previously filed and adjudicated in case number 3:25-CV-762-K-BK. As such, this action should be **DISMISSED WITHOUT PREJUDICE** as duplicative. *See Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989) (holding that *in forma pauperis* actions may be dismissed as frivolous when the allegations duplicate the claims previously dismissed); *Berry v. United States*, No. 3:21-CV-3228-E-BK, 2022 WL 221044, at *1 (N.D. Tex. Jan. 6, 2022), *rec. adopted*, 2022 WL 221229 (N.D. Tex. Jan. 25, 2022) (dismissing § 2241 habeas corpus petition that raised the same claims as duplicative of an earlier action).

**SO RECOMMENDED** on June 9, 2025.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).